## CONTRACT GRIEVANCE DECISION

(OLR # ▇▇▇   UFT # ▇▇▇)

| | |
|---|---|
| Grievant: | Michelle Valvo |
| Title: | Educational Paraprofessional |
| Union: | UFT |
| School or Office/District: | PS 22/District 31 |
| Articles/Agreement: | Article 22(Grievance Procedure) |
| | Article 32(Matters Not Covered) |
| Nature of Grievance: | The grievant was suspended without pay (SWOP). |
| Date of Conference: | April 10, 2018 |
| Persons in Attendance: | Michelle Valvo, Grievant |
| | John Torres, UFT Representative |
| | Pedro Crespo, Superintendent's Representative |
| | Paul Proscia, Principal (by telephone) |

The grievant or her representative stated that the following occurred and argued that the cited provisions of the Agreement were violated for the following reasons:
Grievant Valvo is an educational paraprofessional who was in her 16th year of service prior to her SWOP on 1/29/18, as a result of an OSI Investigation ▇▇▇ which alleged Grievant Valvo had committed corporal punishment this incident led to Grievant Valvo's discharge on 2/13/18. This SWOP was arbitrary and capricious; the Union feels the SWOP is unwarranted. Principal Proscia was just out to "get" Grievant Valvo. When Principal Proscia met with Grievant Valvo on 1/26/18 to inform her of the SWOP, he asserted: "Your number keeps popping up with the DOE even if the allegations are not substantiated." Grievant Valvo was never given an opportunity to respond prior to the disciplinary conference held on 2/2/18, however, at that time, she wrote a detailed statement. Grievant Valvo asserts that there are discrepancies in witness statements. The union asserts that from the statements it could not be possible to discern that Grievant Valvo had committed the alleged infraction, and therefore, the principal's judgment in which he concluded that the allegation was substantiated is not supported by the facts. Furthermore, Principal Proscia misinterpreted prior LIF's that he used to support his conclusion. Due consideration was not provided because of Principal Proscia's bias towards Grievant Valvo. Consequently, the contractual requirement of due consideration was not met, and the SWOP should be rescinded on that basis alone. The Union requests that the SWOP be rescinded and Grievant Valvo returned to work. The Union requests that both the SWOP and subsequent discharge be rescinded and Grievant Valvo returned to service and awarded full back pay and benefits and be made whole in all other ways.

Administration stated that the following occurred and argued that the cited provisions of the Agreement were not violated for the following reasons:
It is common practice to SWOP during an investigation. Grievant Valvo was properly SWOP in accordance with common policy and practice. There is no violation. Grievant Valvo had a history

Re: Michelle Valvo, (OLR ███████ UFT ███████                                        page two

of both poor performance as well as other time and attendance issues, all of which had been cited by prior principals. This SWOP is simply another step in progressive discipline.

The undersigned concludes that the following occurred and concludes that the cited provisions of the Agreement were not violated because:

As an initial matter, the Union presented no evidence, nor advanced any argument to support its claim of violation of Article 22(Grievance Procedure), and the fact that Grievant Valvo had a Step 1 conference and also that this conference is taking place is evidence that the provisions of that Article have not been violated. Article 23(Discharge Review Procedures) details the steps to be followed when an employee is discharged. At the time of the SWOP, Grievant Valvo had not been discharged and cannot claim a violation of Article 23 with respect to her being SWOP. The undersigned further concludes that it is DOE policy to SWOP an employee during an investigation in which the grievant is the subject, as in this case. Accordingly, the undersigned concludes that there has been no violation of the cited provisions of the Agreement and the grievance is denied.

                                             Heard by:
                                             ALAN R. LICHTENSTEIN,
                                             Chancellor's Representative

APPROVED:

*[signature]* 5/17/19
RICHARD A. CARRANZA     DATED
CHANCELLOR

AL