# EXHIBIT "H"

## GRIEVANCE DECISION
## (OLR #180495, UFT #R65934)

| | |
|---|---|
| Grievant: | Michelle Valvo |
| Title: | Educational Paraprofessional |
| Union: | UFT |
| School or Office/District: | PS 22/District 31 |
| Articles/Agreement: | Article 23(Discharge Review Procedures) |
| | Article 32(Matters Not Covered) |
| Nature of Grievance: | The grievant was improperly discharged. |
| Date of Conference: | April 10, 2018 |
| Persons in Attendance: | Michelle Valvo, Grievant |
| | John Torres, UFT Representative |
| | Pedro Crespo, Superintendent's Representative |
| | Paul Proscia, Principal (by telephone) |

The grievant or her representative stated that the following occurred and argued that the cited provisions of the Agreement were violated for the following reasons:

Grievant Valvo was an educational paraprofessional who served 16 years prior to her discharge on 2/13/18. Both Grievant Valvo's suspended without pay immediately prior to her discharge, as well as the discharge were arbitrary and capricious. Principal Proscia was out to get her. When he met with Grievant Valvo on 1/26/18 to advise her of the suspended without pay, he stated: Your number keeps popping up with the DOE, even if the allegation is not substantiated. "Grievant Valvo was never given the opportunity to respond to the allegations, either prior to the initiation of the suspended without pay or prior to the conference on 2/2/18. Grievant Valvo wrote a detailed statement and stated that the principal could ask her any question; however, he asked her nothing. The Union contends that the witness statements do not support the discharge. Witness Swincicki's statement does not specifically state that the call she received named Grievant Valvo as the alleged perpetrator. Witness McDonald's statement is at odds with the principal's conclusions. Furthermore, no one in the lunchroom knew the child was screaming when he returned to class. Kelly Lopez acknowledges the child entered the lunchroom upset. Although Witness Stimus acknowledges that Grievant Valvo committed the act of which she was accused, two other witnesses (Lopez and McDonald), who were also present do not corroborate this claim. Principal Proscia has selected only portions of the witness statements that are convenient to his pre-conceived conclusion, and taken together, do not give complete support to Principal Proscia's conclusions. Additionally, there are insufficient witness statements. Due consideration was not provided because of Principal Proscia's bias towards Grievant Valvo and he lacked good and sufficient reason because the witness statements do not corroborate the allegation. The Union requests that the Chancellor's representative return Grievant Valvo to service and award her full back pay and benefits to the date of the SWOP on 1/26/18 and make her whole in all other ways.

Administration stated that the following occurred and argued that the cited provisions of the Agreement were not violated for the following reasons:

Grievant Valvo was suspended without pay on 1/26/18 as a result of an investigation alleging that she had committed corporal punishment (OSI #18-00754). Principal Proscia held a disciplinary conference did on 2/2/18 and, after considering the allegations and all of the evidence including Grievant's responses, discharged Grievant Valvo on 2/13/18. Principal Proscia did so because of the most recent incident but also because of a history of poor professional performance and other acts of professional misconduct. In particular:

- LIF 8/9/12 for time and attendance issues
- LIF 11/20/12 for Theft of Service and Professional Misconduct
- LIF 1/3/17 for verbal abuse
- LIF 6/19/17 for using her cell phone during her work assignments.
- Warning letter for failing to supervise her assigned student.

The decision to discharge Grievant Valvo was based on good and sufficient reason, and in consideration that Grievant Valvo had had progressive discipline including a suspended without pay. The termination should stand.

The undersigned concludes that the following occurred and concludes that the cited provisions of the Agreement were not violated because:

The criteria for discharge of an employee are good and sufficient reason and due consideration. The undersigned concludes that Principal Proscia had good and sufficient reason based on Grievant Valvo's history of poor work performance and substantiated incidents of verbal abuse and corporal punishment. Grievant Valvo was given due consideration. The Union's entire presentation was based on challenging the fairness and accuracy of the witness statements and challenging Principal Proscia's judgment. However, the undersigned concludes that the judgment was Principal Proscia decision was fair and rational. Therefore, the undersigned concludes that there was no violation of Article 23(discharge Review Procedure). As to the claim of violation of Article 32 (Matters Not Covered) Article 23 that has not been violated covers the matter. Accordingly, the undersigned concludes that there has been no violation of the cited provisions of the Agreement and the grievance is denied.

Heard by:<br>
ALAN R. LICHTENSTEIN,<br>
Chancellor's Representative

APPROVED:

*Richard A. Carranza* FS  9/26/18
RICHARD A. CARRANZA         Dated
CHANCELLOR
AL