# EXHIBIT "K"



United Federation of Teachers
*A Union of Professionals*

April 18, 2019

Michele Valvo

**UFT Case# R65934**

Dear Ms. Valvo,

On February 25, 2019, you appealed the grievance department's decision not to proceed to arbitration concerning your case, UFT case number R65934. At the hearing, you informed the Ad Com Committee that you had been a Paraprofessional for 16 years prior to your termination on February 13, 2018. Concerning the events that led to your termination, you informed the committee that you were found to have committed corporal punishment and verbal abuse against a student. Specifically, it was alleged that on January 25, 2018 you yelled at a non-verbal student with autism. You proceeded to grab and yank the student by the arm, wrap your arms around him, spin him around, and pull him into his seat in the lunch room. Several colleagues were interviewed, as were students who were present at the time.

The adult witnesses who were interviewed, several school aides and Paraprofessionals reported that you were yelling at the student and pulling/pushing him by the arm. In response to this, you stated that you are a loud person by nature. You were not yelling at the student; instead, you were using your regular voice. In addition, you acknowledged touching the student and leading him by the arm, but denied being aggressive or doing so to punish the student. You explained that the student to whom you were assigned could potentially run away if you let go so you always held his arm tightly.

52 Broadway, New York, NY 10004   p: 212.777.7500   www.uft.org

Officers: Michael Mulgrew *President*, Howard Schoor *Secretary*, Debra Penny *Treasurer*, LeRoy Barr *Assistant Secretary*, Tom Brown *Assistant Treasurer*
Vice Presidents: Karen Alford, Evelyn DeJesus, MaryJo Ginese, Anne Goldman, Janella T. Hinds, Richard Mantell, Sterling Roberson

When asked why these adult witnesses reported this matter the way they did, you stated that you did not know why they did that, but they were not accurate. You provided a hand drawn diagram of the cafeteria and questioned their ability to perceive the event. In addition to the event for which you were terminated, you have a disciplinary history which includes 5 letters to file from 2012-2018, for topics including; Professional Misconduct/Theft of Service, Violation of Chancellor's Regulation C-604, Violation of Chancellor's Regulation A-421 prohibiting verbal abuse, Poor Judgement, and Failure to Supervise your 1 to 1 assigned student during dismissal.

After careful review, the Committee has decided that the Union cannot proceed to arbitration concerning your case. The standard for termination is set forth in Article 23 of the Para Professional contract, which states, "It is the policy of the Board that the discharge of an employee should be based on good and sufficient reason and that such action should be taken by the supervisor having such authority only after he/she has given due consideration to the matter." The Union would not be successful arguing that the Department did not provide the matter due consideration. The Principal conducted a competent and thorough investigation. Witnesses were interviewed and the statements were consistent in that they all reflect that you were using excessive force to move the student, that you were using a volume in your voice akin to yelling, and that your tone reflected frustration. The Committee considered your argument concerning the ability of some of the adult witnesses to perceive the event; however, the Committee is unconvinced that the Principal's failure to consider this aspect would on its own constitute a lack of due consideration. A number of witness statements were collected and they were sufficiently consistent. The Union would also not be successful arguing that your actions, as substantiated, didn't warrant good and sufficient reason to terminate, especially when viewed in light of your prior disciplinary history. While the Union recognizes this is not the result you were looking for, please be assured your case was given serious and thorough consideration.

Sincerely,

LeRoy Barr
Director of Staff

LB/sp
Cc: David Campbell