19-cv-08341 (JPO)(SN)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHELE VALVO,

                              Plaintiff,

-against-

THE DEPARTMENT OF EDUCATION OF THE CITY OF NEW YORK, and THE UNITED FEDERATION OF TEACHERS,

                              Defendants.

**DEFENDANT DOE'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO DISMISS THE AMENDED COMPLAINT**

*JAMES E. JOHNSON*
*Corporation Counsel of the City of New York*
*Attorney for Defendant Department of Education*
*100 Church Street, Room 2-109e*
*New York, New York 10007-2601*

*Of Counsel:* Kimberly E. Wilkens

*Tel:* (212) 356-4083
*Email:* kwilkens@law.nyc.gov

Matter No. 2019-072571

## TABLE OF CONTENTS

                                                                             **Page**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ......................................................................................... 1

ARGUMENT

      POINT I

           PLAINTIFF'S FAILURE TO RESPOND WARRANTS DISMISSAL OF PLAINTIFF'S NEGLIGENCE, PRIMA FACIE TORT, SHRL AND CHRL CLAIMS AGAINST THE DOE ....................................................... 3

      POINT II

           PLAINTIFF'S CONSTITUTIONAL CLAIMS WERE ABANDONED AND/OR REMAIN PATENTLY DEFICIENT AS A MATTER OF LAW ...................................................... 4

           A.   Plaintiff's Purported Due Process Claim ............................................. 4

           B.   Plaintiff's § 1983 Claim ....................................................................... 5

               1.   Plaintiff Underscores she has no Purported Property Interest in her Employment as an Untenured Employee .................................................................. 5

               2.   Plaintiff Abandons her Deprivation of Process Argument as it Relates to the Defendant DOE .............................. 6

           C.   Plaintiff's Substantive Due Process Claim ........................................... 7

      POINT III

           PLAINTIFF'S CIVIL RICO CLAIM REMAINS PATENTLY DEFICIENT AS A MATTER OF LAW .............................. 8

      POINT IV

           PLAINTIFF SHOULD NOT RECEIVE A FURTHER OPPORTUNITY TO AMEND .................................................................. 9

CONCLUSION ................................................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**                                                                                                                                  **Pages**

Artis v. Velardo,
   2016 U.S. Dist LEXIS 3636 (S.D.N.Y. 2016)...............................................................3, 4, 7, 8

Brewer v. Vill. of Old Field,
   311 F.Supp.2d 382 (E.D.N.Y. 2004) ...................................................................................8

Ciambriello v. County of Nassau,
   292 F.3d 307 (2d Cir. 2002)..................................................................................................5

Frooks v. Town of Cortlandt,
   997 F.Supp. 438 (S.D.N.Y. 1998)
   aff'd, 182 F.3d 899 (2d Cir. 1999).........................................................................................8

In re Gildan.,
   2009 U.S. Dist. LEXIS 113393 (S.D.N.Y. Dec. 4, 2009) ......................................................9

Green v. Dep't of Education,
   2019 U.S. Dist. LEXIS 127545 (S.D.N.Y July 31, 2019)
   (adopted by Green v. Dep't of Educ.),
   2019 U.S. Dist. LEXIS 127545 (Sept. 23, 2019)...................................................................7

Grillo v. N.Y. City Transit Auth.,
   291 F.3d 231 (2d Cir. 2002)..................................................................................................5

Hellenic Am. Neighborhood Action Comm. v. City of New York,
   101 F.3d 877 (2d Cir. 1996),
   cert. denied, 521 U.S. 1140 (1997) .......................................................................................5

Jenkins v. Sea-Land Serv.,
   1994 U.S. Dist. LEXIS 11477 (S.D.N.Y. Aug. 17, 1994).....................................................9

Wooten-Francis v. City of New York,
   2013 U.S. Dist. LEXIS 178458 (E.D.N.Y. Dec. 19, 2013) ...................................................6

**Statutes**

18 U.S.C. § 1961.......................................................................................................................1

42 U.S.C. § 1983....................................................................................................................1, 5

N.Y. C.P.L.R. § 217(1) .............................................................................................................5

# PRELIMINARY STATEMENT

Plaintiff, Michelle Valvo ("Plaintiff"), a former Paraprofessional at the New York City Department of Education ("DOE" or "Defendant DOE"),[1] filed this action challenging her February 13, 2018 termination as allegedly violative of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), the federal Constitution, State and City Human Rights Law ("SHRL" and "CHRL," respectively), and State common law. Plaintiff's termination followed substantiated findings by the DOE's Office of Special Investigations ("OSI") that on January 25, 2018, Plaintiff engaged in corporal punishment against a mostly non-verbal autistic student by pulling his arm, forcibly pushing him into a seat, and screaming at him. As discussed herein, Plaintiff's opposition failed to appropriately respond to DOE's assertions in its moving papers and thus, Plaintiff effectively abandoned all of her claims against the DOE. Moreover, even if the opposition could be read as responding to DOE's assertions, Plaintiff failed to support her claims.

The record shows that on September 7, 2019, Plaintiff commenced this action. Plaintiff subsequently requested, and the Court granted, permission to file an Amended Complaint. On March 10, 2020, Plaintiff filed an Amended Complaint, and alleged claims under RICO, 18 U.S.C. § 1961, as well as 42 U.S.C. § 1983, for alleged violation of her procedural due process rights and a "stigma plus" claim based on alleged loss of reputation. Plaintiff also alleged claims under the SHRL and CHRL for age discrimination, as well as negligence and prima facie tort.[2]

On April 29, 2020, the Defendant DOE submitted a motion to dismiss Plaintiff's Amended Complaint in its entirety for, inter alia, Plaintiff's failure to state any cognizable claims

---

[1] DOE is, formally, the Board of Education of the City School District of the City of New York.

[2] In Plaintiff's Amended Complaint, as well as her opposition papers, she also alleges claims of breach of contract against co-Defendant United Federation of Teachers ("UFT"). See Am. Compl. ¶¶ 62-65; Plaintiff's Opposition at page 10. Because this claim is not issued against the Defendant DOE, the claim was not addressed in Defendant DOE's prior moving papers and will not be addressed herein.

against the Defendant DOE. Co-Defendant UFT also submitted a Motion to Dismiss. On June 10, 2020, Plaintiff opposed both motions. Plaintiff's Opposition argues in substance (1) as it relates to Co-Defendant UFT, "the Constitution applies to private actions under exceptions to the state action doctrine"; and, (2) "Defendants acted together in concluding Plaintiff was guilty of corporal punishment when there was no evidence and scarring her with stigma plus." See Plaintiff's Opposition, ECF DKT No. 29 ("Pl. Opp."). Thus, Plaintiff's opposition disregarded virtually all of her own claims.

The Defendant DOE now writes in further support of its Motion to Dismiss and in response to Plaintiff's Opposition. As discussed in greater detail below, the bulk of Plaintiff's opposition addresses purported arguments against the Co-Defendant UFT. In those few instances where the opposition even mentioned the DOE, plaintiff failed to support her claims. As a result, Plaintiff has effectively abandoned said claims as against the Defendant DOE, warranting their dismissal.

Furthermore, to the extent Plaintiff's opposition can be read as attempting to advance arguments against the Defendant DOE, based on her claims of stigma plus and Civil Rico, as detailed both herein and in Defendant DOE's moving papers, Plaintiff's arguments remain deficient. Therefore, the Defendants respectfully request the Plaintiff's claims, as against the Defendant DOE, be dismissed with prejudice.

# ARGUMENT

## POINT I

### PLAINTIFF'S FAILURE TO RESPOND WARRANTS DISMISSAL OF PLAINTIFF'S NEGLIGENCE, PRIMA FACIE TORT, SHRL AND CHRL CLAIMS AGAINST THE DOE

Plaintiff's Opposition failed to acknowledge, let alone respond to, the Defendant DOE's assertions against Plaintiff's purported claims of (1) negligence, (2) prima facie tort, (3) discrimination under the SHRL and the CHRL; and, (4) an interference with protected rights claim under the CHRL. For example, the Defendant DOE noted in its moving papers that Plaintiff's negligence claims fail based on deficiencies in the timeliness and content of her Notice of Claim, and because negligence claims cannot lie against a municipal entity. The Defendant DOE Memorandum of Law in Support of its Motion to Dismiss the Amended Complaint, ECF Dkt. No. 23 ("DOE Mem."), at 17-19. Similarly, the DOE asserted that the prima facie tort claim failed for a deficient Notice of Claim and the absence of actionable allegations. DOE Mem., at 19. Plaintiff's opposition never even used the word "negligence," or the phrase "prima facie tort." See Pl. Opp. As a result, Plaintiff's failure to provide "meaningful opposition" to these claims constitutes abandonment of these claims and they therefore should be dismissed by the Court. See Artis v. Velardo, 2016 U.S. Dist LEXIS 3636, *5-*6 (S.D.N.Y. 2016) (motion to dismiss granted on the basis of Plaintiff's abandonment of claims because Plaintiff's failure to "'provide a meaningful opposition,' including 'any substantive reason as to why [s]he opposes the motion,' requires the Court to grant Defendants' motion to dismiss the Amended Complaint").

For identical reasons, Plaintiff's SHRL and CHRL claims fail. See DOE Mem., at 3, 23-24 (listing reasons these claims should be dismissed, including deficiencies in her Notice of

3

Claim, absence of supporting allegations, and failure to identify her age). In opposition, Plaintiff never even used the word "age" and, again, never bothered to identify her age. See Pl. Opp.

In sum, all of Plaintiff's State and local claims against the DOE, including her tort claims, should be dismissed as abandoned in accord with Artis.

## POINT II

**PLAINTIFF'S CONSTITUTIONAL CLAIMS WERE ABANDONED AND/OR REMAIN PATENTLY DEFICIENT AS A MATTER OF LAW**

As it relates to the Plaintiff's purported Constitutional arguments advanced in her Opposition, all of these arguments are addressed specifically to the Co-Defendant UFT. See Pl. Opp., at Argument Point 1 ("[t]he UFT Must Comply with Constitutional Rights by Dint of the Public Function Exception to State Action Doctrine; and Point II: The UFT Must Comply with Constitutional Rights by Dint of the Entanglement Exception to State Doctrine"). In contrast, DOE's moving papers raised multiple reasons why these claims failed as against the DOE. See DOE Mem., at 10-17. Plaintiff's failure to address any of the DOE's assertions is fatal to her claims. See Artis, 2016 U.S. Dist LEXIS 3636, *5-*6. Therefore, these claims, as it relates to the Defendant DOE are effectively abandoned, and, therefore, must also be dismissed. See id.

Assuming arguendo, that this Court determines that the Plaintiff's Opposition can be read as a response to the Defendant DOE's assertions regarding her Constitutional claims, Plaintiff's claims, nevertheless, remain deficient and must therefore be dismissed.

**A.  Plaintiff's Purported Due Process Claim**

As detailed in the Defendant DOE's moving papers, any purported Due Process claim against the Defendant DOE fails because Plaintiff has an adequate post-deprivation remedy in the form of an Article 78 proceeding available to her. DOE Mem., at 10-11 (citing cases

4

including <u>Hellenic Am. Neighborhood Action Comm. v. City of New York</u>, 101 F.3d 877, 880 (2d Cir. 1996), <u>cert. denied</u>, 521 U.S. 1140 (1997) and <u>Grillo v. N.Y. City Transit Auth.</u>, 291 F.3d 231, 234 (2d Cir. 2002)). The DOE further observed that the Amended Complaint acknowledged that Plaintiff chose not to initiate an Article 78 proceeding. DOE Mem., at 11(citing Am. Compl., ¶ 35). Plaintiff ignored this acknowledgement in her Opposition, never used the phrase "Article 78," And never offered the Court a reason to conclude that she lacked a post-deprivation remedy. <u>See</u> generally Pl. Opp. Consistent with the Second Circuit caselaw identified in Defendant DOE's moving papers, any due process claim alleged by the Plaintiff here must fail. <u>See</u> <u>Grillo</u>, 291 F. 3d at 234.[3]

**B.     Plaintiff's § 1983 Claim**

> **1. Plaintiff Underscores she has no Purported Property Interest in her Employment as an Untenured Employee**

As stated in the Defendant DOE's moving papers, to sustain a § 1983 claim based on an alleged violation of due process, a Plaintiff must show that (1) she possessed a liberty, or property interest protected by the Constitution, or federal statutes; and, (2) she was deprived of that liberty or property interest without due process. DOE Mem., at 11 (citing <u>Ciambriello v. County of Nassau</u>, 292 F.3d 307, 313 (2d Cir. 2002)). As the DOE further noted, Plaintiff's Amended Complaint attempted to set forth two Due Process Clause interests: (1) a property interest in her job; and, (2) a liberty interest in her reputation. DOE Mem., at 11 (citing Am. Compl.). Nevertheless, as outlined in the Defendant DOE's moving papers, and briefly herein, both of these purported interests fail. Plaintiff failed to respond to the Defendant DOE's argument, let alone advance her own position in her Opposition papers. In fact, Plaintiff's

---

[3] As noted in the Defendant DOE's moving papers, Plaintiff's Article 78, if filed now, would be barred by the applicable statute of limitations. An Article 78 proceeding must be commenced within four months. <u>See</u> N.Y. C.P.L.R. § 217(1).

5

Opposition simply underscores the fact that her position as a paraprofessional was non-tenured, thereby eliminating any alleged property interest in her employment. See Pl. Opp., at 16. See also DOE Mem., at 12 (citing cases, including Wooten-Francis v. City of New York, 2013 U.S. Dist. LEXIS 178458, at *16 (E.D.N.Y. Dec. 19, 2013)). Wooten-Francis, in fact, is directly on point in that it involved a non-tenured paraprofessional, like Plaintiff, and the Court held that "[plaintiff's] position as a paraprofessional was nontenured …. with no property interest [in her employment]."] Id. Plaintiff's opposition ignored this case and its holding. See Pl. Opp., at 16 (discussing tenure).

In short, Plaintiff, as a non-tenured employee, therefore, did not have a cognizable property interest in her employment. Thus the Fourteenth Amendment's Due Process Clause is not implicated at all in Plaintiff's termination.

Plaintiff, in her opposition acknowledged her non-tenured position: "Although Plaintiff did not have a so-called 'tenured' position, she had the trappings of tenure…." See Pl. Opp., at 16. To the extent that the Plaintiff is arguing her alleged "trappings" of tenure rectifies her lacking property interest, Plaintiff fails to support her contention with any authority. See id. Therefore, Plaintiff effectively underscores the fact that she was a non-tenured employee, and as such, lacks any property interest in her employment.

### 2. Plaintiff Abandons her Deprivation of Process Argument as it Relates to the Defendant DOE

In response to the Amended Complaint's claim that Plaintiff was not afforded a hearing before her job was terminated, the DOE asserted, in its moving papers, that the collective bargaining agreement initial grievance by Plaintiff provided her all the process she was due. DOE Mem., at 15. In Plaintiff's opposition, however, she clarified that she wanted the grievance process to continue for additional steps, and she states, "[she was] denied a fair arbitration

6

hearing by **her Union**." See Pl. Opp., at 6 (emphasis added). Therefore, Plaintiff has abandoned this claim as it relates to the Defendant DOE. See Artis, 2016 U.S. Dist LEXIS 3636, *5-*6.

C. **Plaintiff's Substantive Due Process Claim**

Plaintiff's substantive due process claim, alleging claims of stigma plus, remains entirely deficient. As stated in the Defendant DOE's moving papers, Plaintiff failed to plead a prima facie case of stigma plus. See DOE Mem., at 16 ("'[T]o plead a stigma-plus claim, a plaintiff must allege (1) the utterance of a statement about her that is injurious to her reputation, that is capable of being proved false, and that he or she claims is false, and (2) some tangible and material state-imposed burden…in addition to the stigmatizing statement.'") (quoting Green v. Dep't of Education, 2019 U.S. Dist. LEXIS 127545, at *33 (S.D.N.Y July 31, 2019)(adopted by Green v. Dep't of Educ., 2019 U.S. Dist. LEXIS 127545 (Sept. 23, 2019)). The DOE also noted that the allegedly defamatory statement must be sufficiently publicized to be actionable. DOE Mem., at 16 (citing and quoting Green.)

Plaintiff's Opposition Papers fail to rectify the obvious deficiencies in her purported stigma plus claim, and furthermore, underscore the fact that Plaintiff has failed to allege a sufficient claim as she herself emphasizes that the alleged "defamatory statement" was not sufficiently public. See Pl. Opp., at 10. Specifically, Plaintiff states, "[the] DOE placed her name and social security number into the 'problem code' database at the Office of Personal Investigations, a division of the Monitoring Unit in the [DOE's . . . Human Resources… Plaintiff is prohibited from employment with NYCDOE at any district with the City of New York." See id. Plaintiff's opposition, therefore acknowledges that the alleged "problem code" is only on her internal records at the DOE, and is, thus, not sufficiently public to support her claims. Plaintiff's claim therefore remain deficient and should be dismissed. See Green, 2019 U.S.Dist LEXIS 127545 at *34 ("A stigma-plus claim based on the DOE's alleged "Problem Code" was rejected

7

in the absence of any claim that these lists and codes are communicated to potential employers is fatal to [plaintiff's] 'stigma plus' claim."). – yet another case that the DOE cited and Plaintiff chose to avoid addressing. Compare DOE Mem., at 16-17 with Pl. Opp., at 12.

## POINT III

### PLAINTIFF'S CIVIL RICO CLAIM REMAINS PATENTLY DEFICIENT AS A MATTER OF LAW

Plaintiff's RICO claims fare no better, as Plaintiff ignored the DOE's assertion that a governmental agency lacks the mens rea to violate RICO, and that Plaintiff failed to plead the underlying fraud with the requisite particularity. Compare DOE Mem., at 3, 20-22 with Pl. Opp., at 5 (mentioning fraud, in passing, for the only time in her brief). Consistent with Artis, supra, all these claims should be dismissed as abandoned.

As stated in the Defendant DOE's moving papers, a "'municipality cannot form the requisite criminal intent for RICO liability.'" DOE Mem., at 10 (quoting Frooks v. Town of Cortlandt, 997 F.Supp. 438, 457 (S.D.N.Y. 1998) aff'd, 182 F.3d 899 (2d Cir. 1999) and citing Brewer v. Vill. of Old Field, 311 F.Supp.2d 382, 398-399 (E.D.N.Y. 2004) (dismissing RICO claims against municipality)). As noted above, Plaintiff did not address this assertion in her opposition. In fact, as noted throughout this memorandum, Plaintiff never even mentioned this caselaw. See Pl. Opp., at 7, 21 (discussing RICO). For this reason, and as set forth in its moving papers, the DOE respectfully requests that this Court dismiss Plaintiff's RICO claims against the DOE.

Plaintiff's Opposition merely alludes to her RICO claim in conclusory fashion, when she states that "[t]he complaint states valid causes of action for a Civil RICO enterprise scheme." See Pl. Opp., at 21. Plaintiff, unconvincingly and without citation to any authority, argued in her opposition that her RICO claims are viable because allegedly false prior acts of misconduct were

8

used to support her termination. See Pl. Opp., at 7-9. The absence of authority, of course, entirely undercuts Plaintiff's argument. Once again, moreover, Plaintiff blames the Union, not the DOE, for any alleged failure with respect to these acts. See Pl. Opp., at 7 (claiming that certain material was given to her Union), and Am. Compl., ¶ 28 (noting that the Union denied Plaintiff's request for a Step 3 grievance and arbitration). As such, even to the extent the opposition can be read to address RICO concerns, the opposition fails to support Plaintiff's alleged claims against the Defendant DOE.

## POINT IV

### PLAINTIFF SHOULD NOT RECEIVE A FURTHER OPPORTUNITY TO AMEND

As stated in the Defendant DOE's moving papers, Plaintiff should not be entitled to a further opportunity to amend. DOE Mem., at 25(quoting Jenkins v. Sea-Land Serv., 1994 U.S. Dist. LEXIS 11477, at *12 (S.D.N.Y. Aug. 17, 1994)). Plaintiff amended her original complaint, and has still failed to raise any claims against Defendant DOE. See generally Am. Compl. Now, Plaintiff's Opposition fails to address, let alone distinguish, all of the assertions and at least most of the caselaw set forth by Defendant DOE. See generally Pl. Opp. Furthermore, to the extent Plaintiff does address the arguments set forth by the Defendant DOE, Plaintiff's arguments remain patently deficient. See id. As a result, Plaintiff's claims should be dismissed with prejudice.

It need only be added that Plaintiff has not sought leave to amend. See Pl. Opp. Finally, "it is by now well-established that plaintiffs are not entitled to an advisory opinion from the Court informing them of the deficiencies in the complaint and then an opportunity to cure those deficiencies," In re Gildan., 2009 U.S. Dist. LEXIS 113393, *17 (S.D.N.Y. Dec. 4, 2009) (internal quotations and citations omitted).

9

## CONCLUSION

For the above reasons, the Defendant DOE respectfully requests that its motion to dismiss be granted, that Plaintiff's Amended Complaint be dismissed with prejudice, that the relief requested be denied, that judgment be entered for Defendant DOE, and that Defendant DOE be granted costs, fees, and disbursements together with such other and further relief as the Court deems just and proper.

Dated:     Syosset, New York
July 7, 2020

**JAMES E. JOHNSON**
Corporation Counsel of the
  City of New York
Attorney for Defendant DOE
100 Church Street, Room 2-109e
New York, New York 10007-0261
(212) 356-4083

By:        /s/
Kimberly E. Wilkens
Assistant Corporation Counsel